IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATHANIEL REVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-cv-532 |
| | ) | |
| APRIL C. MELDRUM, | ) | |
| KATHERINE A. YOUNG, | ) | |
| DALE J. MONTPELIER, | ) | |
| TRACI A. WALDO, | ) | |
| LASCHINSKI T. EMERSON, | ) | |
| ANDERSON COUNTY DEPUTY CLERK | ) | |
| JOYCE GRAVES in her individual and | ) | |
| official capacity, | ) | |
| ROANE COUNTY DEPUTY SHERIFF | ) | |
| LARRY EATON in his individual and | ) | |
| official capacity, | ) | |
| ROANE COUNTY, TENNESSEE, and | ) | |
| ANDERSON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court on the motion of defendants Roane County, Tennessee, and Larry Eaton, sued in his individual and official capacities, for summary judgment [doc. 28]. In support of their motion, the defendants have filed a brief [doc. 29] and Deputy Eaton has filed an affidavit [doc. 30]. The plaintiff has filed a response [doc. 34], and a motion requesting

oral argument on the numerous motions to dismiss or for summary judgment that are pending in this case [doc. 101]. The court finds that oral argument on these defendants' motion will not be necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, these defendants' motion for summary judgment will be granted.

### I.  Procedural and Factual Background

On July 22, 2003, an Anderson County jury returned a verdict in favor of Laschinski T. Emerson against Nathaniel Revis and his company Oak Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. for assault, battery and retaliatory discharge. The jury awarded Ms. Emerson $18,000.00 from Nathaniel Revis and $157,800.00 from Oak Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. The jury also awarded Ms. Emerson $500,000.00 in punitive damages, owed by both Revis and his company. The judgment was entered on November 13, 2003.

On August 13, 2004, an amended judgment was entered with a remittitur of the punitive damage award to $150,000. The attorneys for Ms. Emerson were awarded $282,964.50 in attorney's fees and $12,000.00 in discretionary costs. The amended judgment specifically provided that if an appropriate bond was not filed within thirty days of the entry of the judgment, execution might issue on the judgment.

2

Mr. Revis did not post a bond within the thirty days, and defendant Meldrum filed applications for execution against several banks and also for Mr. Revis' personal property and his home. After approximately $28,000.00 was seized from a bank account belonging to Mr. Revis, and his home and its contents had been taken into custody by the Roane County Sheriff, a hearing was held on Mr. Revis' motion to stay execution on the judgment. He finally posted a bond that covered his liability on the judgment, and his personal property was returned to him.

Believing that the executions on his property were improper, Mr. Revis filed this lawsuit against Laschinski Emerson, the plaintiff in the state law action, and her attorneys April C. Meldrum, Katherine A. Young, and Dale J. Montpelier, and Tracy A. Waldo, a paralegal. Mr. Revis has also sued the Anderson County Deputy Clerk Joyce Graves in her official and individual capacities, Anderson County, Tennessee, Roane County Deputy Sheriff Larry Eaton in his official and individual capacities, and Roane County, Tennessee. Mr. Revis states nine causes of action, the first being a claim for damages against all the defendants for violations of his civil rights under 42 U.S.C. §§ 1983 and 1985. The remaining claims are state law claims for conspiracy, conversion, trespass,

abuse of process, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, and negligence.[1]

## II.  Legal Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The Sixth Circuit has expressly adopted a trilogy of United States Supreme Court cases which clarified the standards for summary judgment under Rule 56.  *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (adopting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  In summary, these cases hold that in order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support his or her claim that there is a genuine factual dispute; that is, the non-moving party must produce evidence on which the jury could

---

[1] The plaintiff has filed a motion to amend his complaint and change his malicious prosecution claim to "wrongful execution," and omit his negligence claim so as to eliminate any comparative fault defense the defendants might have [doc. 97].

4

reasonably find for the non-moving party. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859 863 (6th Cir. 1986)).

In the motion for summary judgment, defendant Larry Eaton argues that he is entitled to qualified immunity, and Roane County argues that if Larry Eaton did not violate the plaintiff's constitutional rights, then it cannot be liable. In response, the plaintiff says that Deputy Eaton is not entitled to summary judgment because his actions in taking possession of the plaintiff's property and searching the plaintiff were unlawful. As to Roane County, the plaintiff argues that he has sufficiently pled a cause of action for failure to train its deputies as to the proper procedures for executing levies and Deputy Eaton's actions demonstrate the inadequacy of the training.

**A. Plaintiff's § 1983 Claims against Deputy Eaton**

Whether an officer is entitled to qualified immunity for alleged constitutional wrongs is determined by a two-step inquiry. The first question is whether, on the facts alleged, a constitutional right was violated by the officer. If so, then the second question is whether the right was clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). A right is clearly established when, using an objective reasonableness standard, "it would be clear to a reasonable officer that his conduct was unlawful

in the situation he confronted." *Id.* at 202, 121 S.Ct. at 2156. In this case, the allegations against Deputy Eaton are that he violated the plaintiff's due process rights and the plaintiff's right to be free from unreasonable search and seizure.

*1. Deprivation of Fourteenth Amendment Due Process Rights*

The Fourteenth Amendment guarantees that a person will not be deprived of his property without due process of law. Procedural due process claims are analyzed using a two-part test. *See Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002), *cert. denied*, 538 U.S. 1032 (2003). "First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened notions of due process." *Id.*

In this case, there is no dispute that the plaintiff has a protected interest in his personal property and his residence. So, the next inquiry is what process is due before he can be deprived of these interests. In Tennessee, all judgments for money may be enforced by execution. Tenn. Code Ann. § 26-1-103. The judgment itself is considered an award of execution. *See Hyder v. Butler*, 103 Tenn. 289, 52 S.W. 876, 877 (1899). If, after the judgment is entered, the judgment debtor wants to protect his property from execution, he must post a bond within thirty days of the entry of the judgment. *See* Tenn. Code Ann. § 26-

6

1-201. Otherwise, the clerk of the court may issue writs of possession and execution on the judgment.

The plaintiff does not argue that these procedures, if followed, violate his constitutional rights. Rather, he argues that Deputy Eaton did not follow procedures. However, the facts presented to the court demonstrate that Deputy Eaton followed the Tennessee procedures for execution. On October 4, 2004, well beyond thirty days after the judgment was entered, counsel for the judgment creditor sought writs of execution from the Anderson County Circuit Court.[2] One of the writs provided for the attachment of the plaintiff's residence and the other for all personal property and vehicles located on the premises of his residence. The clerk duly issued the writs, as she must (*see* Tenn. Code Ann. § 26-1-207), and the writs were delivered to the Sheriff of Roane County, Tennessee, for execution. Deputy Eaton took the writs to the Roane County attorney for review and was told that the writs were court orders and must be executed "as stated on their faces." Deputy Eaton made arrangements for the writs to be executed on October 18, 2004. All of the plaintiff's property was removed from his house to a locked storage facility, and the house locks were changed. Deputy Eaton "took possession" of this property by keeping the keys to the storage facility and to the house until the plaintiff posted bond a few days later and retrieved his belongings.

---

[2] The court notes that neither party submitted copies of the writs or the state court judgments for the court's consideration. These documents were submitted as exhibits to the motion to dismiss or for summary judgment filed by other defendants [doc. 50].

7

Case 3:04-cv-00532   Document 128   Filed 06/16/05   Page 7 of 13   PageID #: 45

The plaintiff contends that there were deficiencies on the face of the writs; that is, the writs show only one judgment debtor when there were two and the writs state the total amount of the money judgment but the plaintiff was only responsible for a portion of the judgment. The court finds, however, that neither of these alleged deficiencies resulted in a constitutional deprivation of the plaintiff's property.[3]

The plaintiff also contends that it was improper to issue a writ for the attachment of his residence and that Deputy Eaton had no right to lock him out of his house. In support of this contention, the plaintiff has cited nineteenth century case law that stands for the proposition that title to real property does not pass to the sheriff upon execution, but only upon the sale of the property. *See, e.g.*, *Harman v. Hann*, 65 Tenn. 90 (1873); *Crutsinger v. Catron*, 29 Tenn. 24 (1848); *Rutherford v. Read*, 25 Tenn 423 (1846). There is nothing in the cases cited by the plaintiff or in any case or statute that the court can find that would prevent the issuance of a writ of execution of a judgment debtor's residence. Nor is there any authority to support a contention that the plaintiff was entitled to some type of pre-execution hearing before his residence was attached.

Therefore, the court finds that there is no genuine issue of material fact that Deputy Eaton did not violate the plaintiff's due process rights when he

---

[3] The writs state that the total amount of the money judgment was $679,807.32. The Amended Judgment entered on August 13, 2004, holds the plaintiff personally liable for $462,964.50, plus interest.
8

executed the lawful writs.  In the absence of a showing of a deprivation of the plaintiff's constitutional due process rights, the court need not reach the second qualified immunity question.  However, the court notes that a reasonable officer in Deputy Eaton's position, having the advice of the Roane County attorney,[4] would not have known or believed that his conduct was unlawful.  This is especially true since there is no statute, rule, or case law that would prevent the attachment of the plaintiff's residence.

The court finds that Deputy Eaton is entitled to qualified immunity on the plaintiff's due process claim.

### 2. *Deprivation of Fourth Amendment Rights*

The Fourth Amendment protects persons from unreasonable searches and seizures of their property.  The court finds, based on the available facts, that the plaintiff was not searched.  He was asked for his wallet, which was immediately returned to him.  There is no question, however, that the plaintiff's property was seized.  But the issue is whether Deputy Eaton is entitled to qualified immunity on this claim.  The tests, as discussed above, are whether the

---

[4] In his two-page brief in support of his motion for summary judgment, defendant Eaton argues that he is entitled to qualified immunity because he obtained the advice of counsel, and he cites *Bacon v. Patera*, 772 F.2d 259 (6th Cir. 1985).  In *Bacon*, however, the issue was whether advice of counsel was a defense to an Ohio state law claim for malicious prosecution.  In the Sixth Circuit, reliance on the advice of an attorney may support the reasonableness of a defendant's actions, but it depends on the circumstances.  *See Crockett v. Cumberland College*, 316 F.3d 571, 584 (6th Cir. 2003); *see also York v. Purkey*, No. 00-5650, 2001 WL 845554 *4 (6th Cir. July 20, 2001) (citing *V-1 Oil Co. v. Wyoming*, 902 F.2d 1482, 1489 (10th Cir. 1990)).

9

seizure of the plaintiff's property was a violation of his constitutional rights because it was unreasonable, and if so, whether the right was clearly established. *See Saucier*, at 201-02, 121 S.Ct. at 2156.

For the reasons discussed above, the court finds that Deputy Eaton did not unreasonably seize the plaintiff's property and there was no violation of the plaintiff's constitutional rights. Deputy Eaton had lawful writs of execution from the Anderson County Court to take possession of the plaintiff's personal property and his residence. The Roane County attorney reviewed the writs before execution, and there is no evidence that the state statutes and rules related to execution were not generally followed by the defendants, including Deputy Eaton.

The court finds that Deputy Eaton did not violate the plaintiff's Fourth Amendment constitutional rights, and he is entitled to qualified immunity on this claim.

## B. Plaintiff's § 1985 Claims Against Deputy Eaton

The plaintiff also alleges that he is entitled to relief under 42 U.S.C. § 1985, without a citation to the particular section of this statute that might apply. The court finds that § 1985(3) is the only portion of this statute that could conceivably apply to the defendants in this case. However, for the reasons

10

Case 3:04-cv-00532   Document 128   Filed 06/16/05   Page 10 of 13   PageID #: 48

discussed below, the court finds that the plaintiff has failed to state a claim under this federal statute.

Section 1985(3) does not require state action: it reaches private conspiracies. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). "However, section 1985(3) also requires that there be some racial or other class-based invidiously discriminatory animus behind the conspirators' action." *Id.* The plaintiff alleges a conspiracy among the defendants to improperly seize his property, but there are no allegations that the defendants conspired to violate his due process and Fourth Amendment rights because of his race or some other class-based consideration.

Neither party has given any attention to this claim in their briefs, but in other pleadings, the plaintiff contends that his claim under § 1985 survives because all the defendants except Emerson are white and he and defendant Emerson are black. First, this allegation was not made in his complaint and, second, it fails because Emerson was the party who obtained the judgment in state court that gave rise to all the issues before this court. It would be difficult to claim that the Ms. Emerson's white attorneys conspired with their black client to discriminate against the plaintiff.

The court finds that the plaintiff has failed to even minimally plead a cause of action under § 1985 and this claim brought against defendants Eaton and Roane County will be dismissed.

11

## C. Plaintiff's § 1983 Claims against Roane County, Tennessee

In his complaint, the plaintiff alleges that Roane County is liable under § 1983 because it failed to train its officers and it had a policy or custom that resulted in the violation of the plaintiff's constitutional rights. However, since the court has found that Deputy Eaton did not violate the plaintiff's constitutional rights, Roane County cannot be liable to the plaintiff under § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983").

## D. Plaintiff's State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise its supplemental jurisdiction over the state law claims stated in Counts II through IX, because the court has dismissed all the claims against these defendants over which it has original jurisdiction.

## III. Conclusion

For the reasons stated above, the court finds that Deputy Eaton is entitled to qualified immunity on the § 1983 claims; the defendants are entitled to

12

summary judgment on the § 1985 claim; and the § 1983 claims against defendant Roane County will be dismissed. An order reflecting this opinion will be entered.

ENTER:


                 *s/ Leon Jordan*
     United States District Judge