IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


NATHANIEL REVIS, )
 )
      Plaintiff, )
 )
v. ) No. 3:04-cv-532
 )
APRIL C. MELDRUM, et al., )
 )
      Defendants. )


## MEMORANDUM OPINION

This civil action is before the court for consideration of the plaintiff's response [doc. 143] to the court's order entered on July 22, 2005 [doc. 142], asking the plaintiff to show cause why the claims against defendants Joyce Graves and Anderson County, Tennessee, should not be dismissed for the reasons stated in the memorandum opinion attached to the order. Defendants Graves and Anderson County have replied [doc. 146] and submit that the court's memorandum opinion is correct, and the claims against them should be dismissed.

      The plaintiff first argues that the court's opinion incorrectly finds that defendant Joyce Graves is entitled to quasi-judicial immunity. He says that her

numerous alleged errors in the writs are a violation of her statutory duties to accurately prepare writs of execution, and she is not entitled to immunity for violations of her statutory duties. The plaintiff misunderstands quasi-judicial immunity. Whether such immunity applies to a court clerk depends on the type of function – judicial vs. non-judicial – that the clerk allegedly undertook, not whether she violated her statutory duties.

Next, the plaintiff argues that defendant Graves' alleged errors resulted in the constitutional violations that are the basis of his § 1983 claim, so the claims against her should not be dismissed. As discussed below, however, none of the alleged errors in the writs of execution could have caused the plaintiffs property to be taken unconstitutionally.

The remainder of the plaintiff's response addresses some alleged errors in the statement of facts, some of which have been corrected. The court finds that the plaintiff has failed to show that he has stated a claim against defendants Joyce Graves and Anderson County. Therefore, for the reasons discussed below, the plaintiff's claims against Joyce Graves sued in both her individual and official capacities and Anderson County will be dismissed.

## I.

## Procedural and Factual Background

On July 22, 2003, an Anderson County jury returned a verdict in favor of Laschinski T. Emerson against Nathaniel Revis and his company Oak

2

Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. for assault, battery and retaliatory discharge. The jury awarded Ms. Emerson $18,000.00 from Nathaniel Revis and $157,800.00 from Oak Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. The jury also awarded Ms. Emerson $500,000.00 in punitive damages, owed by both Revis and his company. The judgment was entered on November 13, 2003.

On August 13, 2004, an amended judgment was entered with a remittitur of the punitive damage award to $150,000. The attorneys for Ms. Emerson were awarded $282,964.50 in attorney's fees and $12,000.00 in discretionary costs.[1] The amended judgment specifically provided that if an appropriate bond was not filed within thirty days of the entry of the judgment, execution might issue on the judgment.

Mr. Revis did not post a bond within the thirty days, and defendant Meldrum filed applications for execution against several banks and also against Mr. Revis' personal property and his home. After approximately $28,000.00 was seized from a bank account belonging to Mr. Revis, defendant Meldrum sought writs of execution on the plaintiff's home and its contents. It is alleged that Joyce Graves, as a Deputy Clerk for the Anderson County Circuit Court, issued the

---

[1] The court notes that October 5, 2005, the Tennessee Court of Appeals affirmed the jury's award of compensatory damages, vacated the judgment as to the remittitur of the punitive damages, remanded the case to the circuit court for reconsideration of the remittitur, and upheld the award of attorney's fees and costs against both defendants.

levies on the plaintiff's property. After the plaintiff's property had been taken into custody by the Roane County Sheriff, a hearing was held on Mr. Revis' motion to stay execution on the judgment. He finally posted a bond that covered his liability on the judgment, and his property was returned to him.

Believing that the executions on his property were improper, Mr. Revis filed this lawsuit against Laschinski Emerson, the plaintiff in the state law action, and her attorneys April C. Meldrum, Katherine A. Young, and Dale J. Montpelier, and Tracy A. Waldo, a paralegal. Mr. Revis has also sued the Anderson County Deputy Clerk Joyce Graves in her official and individual capacities, Anderson County, Tennessee, Roane County Deputy Sheriff Larry Eaton in his official and individual capacities, and Roane County, Tennessee. Mr. Revis states nine causes of action, the first being a claim for damages against all the defendants for violations of his civil rights under 42 U.S.C. §§ 1983 and 1985. The remaining claims are state law claims for conspiracy, conversion, trespass, abuse of process, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, and negligence.[2]

---

[2] The plaintiff has filed a motion to amend his complaint and change his malicious prosecution claim to "wrongful execution," and omit his negligence claim so as to eliminate any comparative fault defense the defendants might have [doc. 97].

4

## II.

## Legal Discussion

In order to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether a cognizable claim has been pleaded in the complaint. *See Fed. Express Corp. v. United States Postal Service*, 40 F. Supp. 2d 943, 947 (W.D. Tenn. 1999). The complaint must set out allegations of the material elements of some viable legal theory. *See Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). The complaint is to be construed in the light most favorable to the plaintiff and the factual allegations are to be accepted as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Claims may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

In the complaint, the plaintiff makes the following allegations against defendant Joyce Graves and Anderson County:

> 31. It is the duty of the Circuit Court Clerk, or Deputy Clerk, to issue levies that conform to the judgment of record. Is further the duty of the Circuit Court Clerk, or Deputy Clerk, to see that the order of liability among judgment debtors is stated in any levy issued to enforce judgment.
> 32. On October 8, 2004, Meldrum presented her false, sworn applications for execution to the Anderson county Circuit Court Clerk's Office for the purpose of having false levies issued.

5

33. Deputy Clerk Joyce Graves failed to discharge her duties and issued the two false levies attached to this Complaint as *Exhibits 1 and 2.*

34. Both levies were directed to any lawful officer in Roane County. Both levies directed the seizure of property of Revis in the amount of $679,807.32 – approximately four times the *maximum* personal liability of Revis under any facts.[3]

35. The levies were false and so far departed from the judgment they purported to enforce as to be void. The judgment was filed in Graves' own office, yet she failed to use the correct caption, failed to note the date of it, and failed to note the identity of parties against whom the judgment ran. The levies misstated the amount of the judgment against Revis as $608,764.50. The levies failed to note that Oak Ridge Realty was solely liable for $440,764.50 of the judgment and jointly and severally liable for $150,000 of the $168,000 judgment against Revis. The levies falsely purported to tax all interest and costs to Revis. The levy against Revis's real property contained no adequate legal description of it.

36. In issuing the false levies, Graves acted either intentionally or with such gross negligence and reckless indifference as to amount to the same.

. . . .

59. The wrongful actions of defendant Graves were committed as a result of an actual policy or custom and/or failure to train, monitor or supervise employees of the Anderson County Circuit Court Clerk's Office, which amounts to deliberate indifference to the clearly established constitutional rights of the public, including the plaintiff, thereby making Anderson County liable to Revis under 42 U.S.C. §1983.

60. Defendants Eaton and Graves were state actors and their actions were taken under color of state law with deliberate indifference to plaintiff's clearly

---

[3] This is clearly erroneous based on other documents in the record. Although the writs state that the total amount of the money judgment was $679,807.32, the Amended Judgment entered on August 13, 2004, holds the plaintiff personally liable for $462,964.50, plus interest.

6

Case 3:04-cv-00532   Document 154   Filed 01/05/06   Page 6 of 11   PageID #: 60

established constitutional rights to substantive and
procedural due process and to be free from
unreasonable searches and seizures. They are sued in
their individual and official capacities pursuant to 42
U.S.C. § 1983.

The remainder of the claims against these defendants are state law claims.

    A.  <u>§ 1983 Claims Against Defendant Joyce Graves</u>

In order to state a claim under § 1983, the plaintiff must assert that he has been deprived of a right secured by the constitution and laws. *See, e.g., Lewellen v. Metro. Gov't of Nashville & Davidson County*, 34 F.3d 345, 347 (6th Cir. 1994). "Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate." *Id.*

The § 1983 allegations against defendant Joyce Graves are founded on alleged violations of the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution. As can be seen in paragraphs 31 to 36 quoted above, the plaintiff specifically alleges that defendant Graves issued "false levies," "intentionally, or with such gross negligence and reckless indifference as to amount to the same."

The court finds that none of the alleged faults in the writs issued by defendant Graves could have caused a violation of the plaintiff's federal constitutional or statutory rights. The complaint alleges that defendant Graves

7

intentionally or negligently failed to use the correct caption, failed to note the date, failed to note the identity of the parties, misstated the amount of the judgment, and failed to state an adequate legal description of the property. Under the circumstances of this case, however, these errors could not have deprived the plaintiff of his due process rights or his rights to be free from an unreasonable seizure of his property.[4] The writs correctly named the plaintiff as the judgment debtor. The fact that there was another judgment debtor, the plaintiff's company, did not cause the plaintiff's property to be unconstitutionally taken. Likewise, the failure to state the date of the judgment, the failure to correctly state the amount of the judgment, and the failure to describe the real property beyond the correct address did not cause an unconstitutional taking of the plaintiff's property. Thus, even assuming that the plaintiff would be able to show that defendant Graves intentionally made these errors, the plaintiff has not stated a § 1983 claim against defendant Graves.

Defendant Graves is also entitled to absolute quasi-judicial immunity. It "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). A court clerk is immune when the activity she performs is integral to the judicial process.

---

[4] The court recognizes that under some circumstances, mistakes such as these might result in a violation of a plaintiff's constitutional rights, but in this case, the mistakes were merely ministerial.

*See Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973). Neither judges nor court officers, however, are absolutely immune from suits based on the performance of non-judicial functions. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Considering the nature of the function performed rather than the title of the person performing it, the court finds that defendant Graves was performing an act that would be considered judicial in nature; that is, issuing writs on behalf of the Circuit Court of Anderson County. *See Bush*, 38 F.3d at 847. Therefore, defendant Graves would be entitled to absolute quasi-judicial immunity.

B. § 1983 Claims Against Defendant Anderson County, Tennessee

In his complaint, the plaintiff alleges that Anderson County is liable under § 1983 because it failed to train its officers and it had a policy or custom that resulted in the violation of the plaintiff's constitutional rights. However, since the court has found that the plaintiff has failed to state a claim against defendant Joyce Graves, Roane County cannot be liable to the plaintiff under § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983").

9

## C. § 1985 Claims

The plaintiff also alleges that he is entitled to relief under 42 U.S.C. § 1985, but without a citation to the particular section of this statute that might apply. The court finds that § 1985(3) is the only portion of this statute that could conceivably apply to the defendants in this case. Section 1985(3) does not require state action: it reaches private conspiracies. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). "However, section 1985(3) also requires that there be some racial or other class-based invidiously discriminatory animus behind the conspirators' action." *Id.* The plaintiff alleges a conspiracy among the defendants to improperly seize his property, but there are no allegations that the defendants conspired to violate his due process and Fourth Amendment rights because of his race or some other class-based consideration. The court finds that the plaintiff has failed to even minimally plead a cause of action under § 1985 and this claim brought against defendants Graves and Anderson County will be dismissed.

## D. State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise its supplemental jurisdiction over the state law claims stated in Counts II through IX, because the court has dismissed all the claims against these defendants over which it has original jurisdiction.

## III.

## Conclusion

Therefore, for the reasons discussed above, the court finds that the plaintiff has failed to state a claim against defendants Joyce Graves and Anderson County, Tennessee, and the plaintiff's claims against these two defendants will be dismissed. An order reflecting this opinion will be entered.

ENTER:

    *s/ Leon Jordan*
United States District Judge