IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NATHANIEL REVIS,                )
                                )
        Plaintiff,               )
                                )
v.                              )   No.  3:04-cv-532
                                )
APRIL C. MELDRUM, et al.,       )
                                )
        Defendants.              )

## MEMORANDUM AND ORDER

This civil action is before the court on the motions of defendants Meldrum, Young, Montpelier, Waldo and Emerson for attorney's fees pursuant to 42 U.S.C. § 1988(b) [docs. 130, 132, and 135]. The plaintiff has filed a consolidated response to the motions [doc. 140], and the defendants have filed a joint reply [doc. 141]. The plaintiff has filed a supplement to its response consisting of a transcript of a hearing before the state court judge considering the plaintiff's state law claims [doc.156]. The court finds that oral argument on the motions will not be necessary, and the motions are ripe for the court's consideration. For the reasons discussed below, the defendants' motions will be granted.

This civil action was filed after Mr. Revis' property was seized in execution of a state court judgment. Believing that the executions on his property

were improper, Mr. Revis filed this lawsuit in federal court against Laschinski Emerson, the plaintiff in the state law action, and her attorneys April C. Meldrum, Katherine A. Young, and Dale J. Montpelier, and Tracy A. Waldo, a paralegal; Anderson County Deputy Clerk Joyce Graves in her official and individual capacities and Anderson County, Tennessee; and Roane County Deputy Sheriff Larry Eaton in his official and individual capacities, and Roane County, Tennessee. Mr. Revis stated nine causes of action, the first two being claims for damages against all the defendants for violations of his civil rights under 42 U.S.C. §§ 1983 and 1985. The remaining claims were state law claims for conspiracy, conversion, trespass, abuse of process, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, and negligence.[1]

On July 22, 2003, an Anderson County jury returned a verdict in favor of Laschinski T. Emerson against Nathaniel Revis and his company Oak Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. for assault, battery and retaliatory discharge. The jury awarded Ms. Emerson $18,000.00 from Nathaniel Revis and $157,800.00 from Oak Ridge Research, Inc. a/k/a Oak Ridge Realty Holding, Inc. The jury also awarded Ms. Emerson $500,000.00 in punitive damages, owed by both Revis and his company. The judgment was entered on November 13, 2003.

---

[1] The plaintiff filed a motion to amend his complaint and change his malicious prosecution claim to "wrongful execution," and omit his negligence claim so as to eliminate any comparative fault defense the defendants might have [doc. 97]. The court did not rule on the motion to amend prior to dismissing the lawsuit.

On August 13, 2004, an amended judgment was entered with a remittitur of the punitive damage award to $150,000. The attorneys for Ms. Emerson were awarded $282,964.50 in attorney's fees and $12,000.00 in discretionary costs.[2] The amended judgment specifically provided that if an appropriate bond was not filed within thirty days of the entry of the judgment, execution might issue on the judgment.

Mr. Revis did not post a bond within the thirty days, and defendant Meldrum filed applications for execution against several banks and also for Mr. Revis' personal property and his home. After approximately $28,000.00 was seized from a bank account belonging to Mr. Revis, and his home and its contents had been taken into custody by the Roane County Sheriff, a hearing was held on Mr. Revis' motion to stay execution on the judgment. He finally posted a bond that covered his liability on the judgment, and his personal property was returned to him.

Defendants Meldrum, Young, Montpelier, Waldo, and Emerson all filed motions to dismiss for failure to state a claim or for summary judgment [docs. 50, 78, and 114]. These defendants all raised the issue of whether the plaintiff stated §§ 1983 and 1985 claims against them. This court granted the defendants' motions finding that the actions of these private individuals was not

---

[2] The Tennessee Court of Appeals affirmed the judgment of the trial court except the remittitur of the punitive damages. That issue was remanded to the trial court for explanation by the trial judge of his reasons for remitting the amount of punitive damages.

3

attributable to the state, so the plaintiff had not stated a claim against them under § 1983, and finding that the plaintiff failed to plead a cause of action against these defendants under § 1985. The court declined to exercise its supplemental jurisdiction over the plaintiff's state law claims.

Following the entry of the order granting the motions to dismiss or for summary judgment, defendants Meldrum, Young, Montpelier, Waldo, and Emerson filed their motions for attorney's fees under 42 U.S.C. § 1988(b). They argue that because the plaintiff's federal claims lacked a sufficient basis in fact to survive the motions to dismiss, they are prevailing parties and are entitled to attorney's fees. In response, the plaintiff argues that these defendants succeeded only on two of the plaintiff's nine claims so they are not prevailing parties for purposes of § 1988(b). Further, the plaintiff argues that his § 1983 claim was substantial as evidenced by the amount of fees claimed by the defendants for preparing the motions to dismiss.

Under the "American rule" parties are expected to bear their own costs of litigation. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1228 (6th Cir. 1986). There are several exceptions to this general rule, however, including 42 U.S.C. § 1988(b).[3] Section 1988(b) allows a court to award attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous,

---

[3] Section 1988(b) provides in relevant part: "In any action or proceeding to enforce a provision of section . . . 1983, 1985 . . . of this title, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

4

unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed. 2d 648 (1978); *see also Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 823 (6th Cir. 2000).

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Christianburg Garment*, 434 U.S. at 421, 98 S.Ct. at 700. In the Sixth Circuit, an award of attorney's fees to a prevailing defendant is "an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones*, 789 F.2d at 1232. Whether a defendant is entitled to an award of attorney's fees will depend on the factual circumstances of the case, especially the plaintiff's basis for filing suit. *See Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001); *Wilson-Simmons*, 207 F.3d at 823.

The first question that must be decided is whether the defendants are prevailing parties since they only prevailed on the plaintiff's federal claims. The court finds that for purposes of an attorney's fee award in this case the defendants are prevailing parties. First, the defendants prevailed on the only two claims over which this court had original jurisdiction; the remaining claims were

5

state law claims that were dismissed because the court declined to exercise its supplemental jurisdiction over the claims. Second, by its specific terms, § 1988(b) only applies to the plaintiff's §§ 1983 and 1985 claims. Whether the defendants ultimately prevail on the state law claims or not has no bearing on whether the defendants are entitled to attorney's fees as prevailing parties on the federal claims.

The plaintiff relies on a Florida district court case, *Baggs v. City of South Pasadena*, 958 F. Supp. 586 (M.D. Fla. 1997), for the proposition that a failure of defendants to prevail on all the plaintiff's claims – both federal and state law claims – makes an award of attorney's fees improper. Although a district court decision from another jurisdiction has little or no persuasive influence over this court, the *Baggs* decision is easily distinguishable. In *Baggs*, the plaintiff filed a four-count lawsuit in state court, one count of which was a § 1983 claim. The defendant removed the lawsuit to federal court and was granted summary judgment on the § 1983 claim. Another claim was dismissed for lack of jurisdiction, and the two remaining state law claims were remanded to state court. The district court denied the defendant's motion for attorney's fees because the main issue in the case was still to be resolved by the state court, and because the plaintiff was willing to compromise and settle the case but the defendant refused.

In this case, the federal claims decided by the court in the defendants' favor related to the main issues in the case. And, unlike the plaintiffs

6

in *Baggs*, the plaintiff chose this forum when he filed his lawsuit in federal court and invoked the court's federal question jurisdiction. Thus, the court finds that the *Baggs* opinion does not control this court's determination that the defendants are prevailing parties.

The next question is whether the defendants are entitled to attorney's fees because the plaintiff's federal claims were frivolous, unreasonable, or without foundation. First, the defendants correctly point out that the plaintiff alleged in his complaint that he was only liable for $168,000 in damages, but the state court judgment clearly showed that the plaintiff was liable for over $460,000 in damages plus interest. Further, the plaintiff falsely claimed that the garnishment of $28,486.01 from his bank account was sufficient to satisfy his portion of the judgment. The defendants argue that the plaintiff's failure to correctly state his actual liability was in furtherance of his theory that the defendants over-executed on his property. The defendants argue that these false statements as to his liability are one reason why the plaintiff's claims were without foundation.

Second, the defendants argue that the plaintiff's conduct during the underlying state court lawsuit was so vexatious that there is at least an appearance of vindictiveness in the plaintiff's filing of the federal lawsuit. They claim that the defendant thwarted the taking of discovery, particularly as to his assets, and at the close of the state lawsuit defendant Emerson had to resort to a

7

fraudulent conveyance lawsuit against the plaintiff in state court to protect the plaintiff's assets until the judgment was paid.

Third, and most importantly, the plaintiff's federal claims could not withstand a motion to dismiss for failure to state a claim. As to the § 1983 claims, the plaintiff sued these private individuals knowing that a critical element of his case was that these defendants were state actors. A close relationship (nexus) between the individuals and the sheriff's deputy who executed on the plaintiff's property, however, was absent, and these individuals' actions could not be fairly attributed to the state. Further, the plaintiff's § 1985 claim utterly failed because he failed to allege racial or other class-based discrimination behind the actions of the individuals he believed conspired against him. Thus, the plaintiff's federal claims were without foundation.

Finally, if the court had not granted the defendants' motions to dismiss, there was a serious question whether plaintiff's counsel would have been allowed to proceed. There were allegations in the complaint related to discussions plaintiff's counsel had with others, making him a possible witness in this case. The plaintiff also filed motions to reconsider several of the court's orders including orders on such mundane matters as extensions of time to answer the complaint. Since the plaintiff was in possession of all the property he alleged was improperly seized, the only explanation for the plaintiff's aggressive and often unnecessary multiplication of filings with the court was to harass the

8

defendants who were responsible for the substantial state court judgment entered against him.

For these reasons the court will grant the defendant's motions for attorney's fees. The court finds that they are prevailing parties, and the plaintiff's federal claims were without foundation and vexatious. Counsel for the defendants have filed affidavits in support of their requests for attorney's fees and costs [docs. 130, 134, and 137]. The court has reviewed the requests and finds the billable rates and hours reasonable. The court notes that the plaintiff has not objected to either the rates or hours. However, since attorney's fees are not available under § 1988(b) for work done on the state law claims, the court will reduce the fee requests by 25%, which is an estimate of the time the defendants spent on the state law claims. The court finds that the plaintiff is liable to the defendants for the following amounts of attorney's fees and costs:

| | |
|---|---|
| Attorney for **April Meldrum** | **$23,973.05** = $31,964.06 x .75 |
| Attorney for **Katherine Young** **Dale Montpelier** **Traci Waldo** | **$21,754.54** = $29,006.05 x .75 |
| Attorney for **Laschinski Emerson** | **$19,456.02** = $25,941.36 x .75 |

Therefore, it is hereby **ORDERED** that the motions of defendants Meldrum, Young, Montpelier, Waldo and Emerson for attorney's fees are

9

**GRANTED**, and the plaintiff shall pay attorney's fees and costs to the defendants in the amounts set out above.

ENTER:

　　　*s/ Leon Jordan*　　　
United States District Judge